# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAMES LAMAR HARRELL                                                    PLAINTIFF

V.                              No. 3:22-CV-24-JTR

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                          DEFENDANT

## ORDER

### I.  Introduction

Plaintiff, James Lamar Harrell ("Harrell"), applied for disability benefits on October 9, 2019, alleging disability beginning on December 5, 2017. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application on April 29, 2021. (Tr. at 11–24). The Appeals Council denied his request for review on November 29, 2021, making the ALJ's denial of Harrell's application for benefits the final decision of the Commissioner. (Tr. at 1–4).

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II.    The Commissioner's Decision

The ALJ found that Harrell had not engaged in substantial gainful activity since the alleged onset date of December 5, 2017.[2] (Tr. at 13). The ALJ found, at Step Two, that Harrell had the following severe impairments: gastroesophageal reflux disease ("GERD"), esophagitis, residuals from remote lower extremity ("LE") fracture, diabetes, degenerative disc disease of the spine, and scoliosis. *Id.*

After finding that Harrell's impairments did not meet or equal a listed impairment[3] (Tr. at 15–16), the ALJ determined that Harrell had the residual functional capacity ("RFC") to perform the full range of work at the sedentary exertional level, as defined in 20 C.F.R. § 404.1567(a). (Tr. at 17).

The ALJ determined that Harrell was unable to perform any of his past relevant work. (Tr. at 21). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Harrell's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

perform, including positions such as hand packager, receptionist, and hand worker. (Tr. at 22). Thus, the ALJ concluded that Harrell was not disabled. (Tr. at 23–24).

## III.   Discussion

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B. Harrell's Arguments on Appeal

Harrell contends that evidence supporting the ALJ's decision to deny his application for benefits is less than substantial. He argues that: (1) the RFC did not incorporate all of Harrell's limitations; and (2) the ALJ failed to fully develop the record.[4] The Court finds support for Harrell's second argument.

The relevant time-period for adjudication of benefits is December 5, 2017 through April 29, 2021. (Tr. at 11–23). Harrell alleged severe back pain, neuropathy, and trouble with walking due to lumbar spine deterioration. At the hearing, Harrell testified that pain medications, steroid shots, and physical therapy did not help with pain. (Tr. at 17, 44–48). He said that he uses a cane, cannot walk for more than thirty feet, and can lift and carry no more than five pounds. *Id*. Due to pain, he cannot help his wife around the house. *Id*.

---

[4] Much of Harrell's brief consists of wide-ranging arguments that the Social Security Administration's review process and its regulations are unconstitutional. The Court finds these arguments are without merit, noting that the regulations governing the benefits adjudication process are well within the agency's exceptionally broad rulemaking authority under the Social Security Act, and Harrell has likewise not showed a particularized injury caused by any alleged constitutional defects. 42 U.S.C. § 405(g); see *Heckler v. Campbell*, 461 U.S. 458, 466 (1983); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984*); Jordan v. Comm'r. of SSA*, No. 4:21-CV-359-JM-ERE, 2022 U.S. Dist. LEXIS 98851 *16 (E.D. Ark. June 2, 2022) (Plaintiff's "arguments rely on broad, generalized grievances with the [administrative] process as a whole, and she has not identified any particularized injury or causal relationship between the injury and the challenged conduct, nor can she show a likelihood that the purported injury would be redressed by a favorable decision.").

At the initial and reconsideration levels of administrative review, two Disability Determination Services medical experts (MDs) reviewed the medical record and gave opinions about Harrell's RFC.[5] (Tr. at 68–72, 88–92). In June and September 2020, the DDS doctors opined that Harrell could perform light work with postural limitations. (Tr. at 72, 92). After that, Harrell's condition deteriorated: a lumbar MRI showed that Harrell had degenerative disc disease, disc desiccation, neuroforaminal narrowing, facet hypertrophy, and spinal stenosis. (Tr. at 807–808).

While the ALJ wrote in his decision that Harrell could perform daily activities in spite of his widespread pain (Tr. at 14–15), Harrell told his doctors that his activities were very limited, and that he did not like to go out on his own because he was afraid of falling. (Tr. at 68). In fact, Harrell fell at the end of 2020 and further injured his back, causing an altered gait. (Tr. at 796–801). On January 28, 2021, Harrell reported to his doctor that his pain was worse, and his back was swollen and tender, with muscle spasms. (Tr. at 810–816). Straight-leg raise was positive bilaterally and Harrell had an antalgic gait. *Id*. In spite of a treatment course of strong pain medication, injections, and activity modification, Harrell's condition was not improving.

---

[5] Social Security Disability applications are initially processed through a network of local Social Security Administration field offices and State agencies (called Disability Determination Services or DDSs).

Although the DDS doctors opined in 2020 that Harrell could perform light work with postural limitations, the ALJ, without any more recent RFC evaluation from a doctor, assigned Harrell an RFC for sedentary work with no postural limitations. (Tr. at 17–20). While this RFC was more favorable to Harrell than the RFC assigned by the DDS doctors, there is no more current treating or consultative opinion upon which the ALJ could base the RFC. An RFC need not be based on any particular medical opinion, but here, there was evidence of deterioration; the record presented a conflict. Because 2021 records showed that Harrell's condition had gotten worse since the time in which the DDS experts issued their opinions, the ALJ should have ordered a consultative examination and obtained a recent RFC medical opinion.[6]

### IV.   Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's

---

[6] An ALJ's failure to fully develop the record, especially in the face of conflicting medical records, is reversible error. 20 C.F.R. § 404.1512(e); *Nevland v. Apfel*, 204 F.3d 853, 857–58 (8th Cir. 2000); *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011).

decision is not supported by substantial evidence, because the ALJ did not properly develop the record.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 15th day of February, 2023.

                                                    */s/ J. Thomas Ray*
                                                UNITED STATES MAGISTRATE JUDGE