UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES LAMAR HARRELL                                              PLAINTIFF

V.                           No. 3:22-CV-24-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                   DEFENDANT

## ORDER

### I.  Introduction

Before the Court is Plaintiff James Lamar Harrell's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") *Doc. 15*. The Application is unopposed. *Doc. 23*. For the reasons set forth below, Plaintiff's Application is granted in part.

### II.  Discussion

Plaintiff's attorney, Mickey Stevens, requests a total award of **$4,226.85** (which sum includes 17.5 attorney hours incurred in 2022–23 at an hourly rate of $240.18; and expenses of $23.70). The EAJA permits an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). The EAJA entitles a prevailing social security claimant to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The

statutory ceiling for EAJA awards, set on March 29, 1996, is $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Attorney fees cannot exceed the $125 rate in the absence of a justification based on: (1) an increase in cost of living; or (2) another special factor, such as the limited availability of qualified attorneys for the proceedings involved. *Id.*

A court may increase the hourly rate when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees in excess of the statutory ceiling, such as a copy of the Consumer Price Index ("CPI")." *Sprawls v. Kijakazi,* No. 4:22-CV-00421-LPR, 2023 WL 2330465, at *1 (E.D. Ark. Mar. 2, 2023) (citing *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)). However, enhanced hourly fee rates based on cost-of-living increases should be consistent in each case, "rather than producing disparate fee awards from each court within the district or from different districts within this circuit." *Morris v. Berryhill*, No. 4:16-CV-00830 JLH-BD, 2017 WL 4842382, at *2 (E.D. Ark. Oct. 26, 2017) (*citing Johnson*, 919 F.2d at 505); *Shepard v. Colvin*, No. 5:13-CV-00069-JTK, 2014 WL 1333185, at *1 (E.D. Ark. Apr. 2, 2014) ("Taking into account the Consumer Price Index, as well as the EAJA fee awards from past cases within Arkansas, the Court believes that an hourly rate of $186.00 will reasonably compensate the Plaintiff's attorney for the work performed in this case") (citing *Hull v. Colvin,* No. 4:13-CV-16 DPM, 2014 WL 1987907 (E.D. Ark. Jan. 15, 2014); *Morris*, 2017 WL 4842382,

at \*2 (E.D. Ark. Oct. 26, 2017) (citing *Hull* and utilizing the consistency argument found in *Shepard*).[1]

The typical formula for rate calculation using the CPI is as follows: multiply the CPI for the *year* that attorney fees are sought by the standard EAJA rate ($125), and then divide the product by the CPI applicable to March 1996, the month the statutory cap was imposed. *Eoff v. Kijakazi*, No. 4:20-CV-00708-LPR, 2022 WL 2290495, at \*1 (E.D. Ark. Apr. 28, 2022) (citing *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004)(emphasis added)). However, courts in the Eastern District of Arkansas have rejected the notion that an hourly rate is calculated "simply by multiplying $125 per hour by a number derived from the [CPI]." *Morris*, 2017 WL 4842382, at \*2 (E.D. Ark. Oct. 26, 2017) (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009 (E.D. Ark. 2011)). Instead, "the [CPI] provides proof warranting an enhanced fee award; it does not replace the Court's discretion in determining a reasonable fee." *Id.*

---

[1] The typical formula for rate calculation using the CPI is as follows: multiply the CPI for the *year* the attorney fees are sought by the standard EAJA rate ($125), and then divide the product by the CPI applicable to March 1996, the month the statutory cap was imposed. *Eoff v. Kijakazi*, No. 4:20-CV-00708-LPR, 2022 WL 2290495, at \*1 (E.D. Ark. Apr. 28, 2022) (citing *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004)(emphasis added)). However, courts in the Eastern District of Arkansas have rejected the notion that an hourly rate is calculated "simply by multiplying $125 per hour by a number derived from the [CPI]." *Morris*, 2017 WL 4842382, at \*2 (E.D. Ark. Oct. 26, 2017) (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009 (E.D. Ark. 2011)). Instead, "the [CPI] provides proof warranting an enhanced fee award; it does not replace the Court's discretion in determining a reasonable fee." *Id.*

According to Plaintiff, he arrives at the $240.18 hourly rate by using a CPI calculation from the month the Plaintiff filed his Complaint. *Doc. 15 at 5*. However, Plaintiff filed the Complaint in this case in January 2022—not January 2023—and Plaintiff clearly takes his CPI calculation from January 2023.[2] *See Doc. 15-1 at 3*. Additionally, as the Court ruled in *Owen v. Kijakazi*, Case No. 3:22-CV-180-JTR (*Doc. 22*), the more reasonable multiplier is not the CPI for January 2022, but instead, the average CPI for the year 2022—$234.95. Accordingly, the Court will update the calculation utilizing $234.95 as the hourly rate. The Court will also apply the $234.95 rate to the minimal hours worked in 2023. The calculation is below:

17.5 hours x $234.95 = $4,111.63

$4,111.63 + $23.70 = $4,135.33 in fees and expenses.

### III.   Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney's Fees pursuant to the EAJA (*Doc. 15*) is GRANTED in part.

Plaintiff is awarded **$4,135.33** in fees and expenses under the EAJA.[3]

---

[2] Plaintiff's Application for Attorney's Fees (*Doc. 15*) includes a Declaration signed by Plaintiff's Attorney (*Doc. 15-1*). Attached to the Declaration is a picture of the CPI Inflation Calculator used to calculate the hourly rate. *Doc. 15-1 at 3*. The picture clearly shows "January 2023" as the date used to calculate the hourly rate.

[3] Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586 (2010), the check awarding EAJA fees should be made payable to Plaintiff but mailed to the Plaintiff in care of Plaintiff's attorney at the attorney's office.

SO ORDERED, this 23rd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE